## Stogner *v.* State

No. 40033 April 9, 1956 86 So. 2d 460

*L. W. Brown,* Starkville, for appellant.

*John H. Price, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

The appellant, W. L. Stogner, was convicted of assault and battery with intent to kill and murder one Joe Pritchard, and was sentenced to serve a term of five years in the state penitentiary. The appeal here is from that judgment.

The defendant shot Pritchard with a pistol, the bullet having entered from the rear and near his backbone and about the midsection of the body. The wound paralyzed the victim from his waist down. According to the testimony of Pritchard, he stopped at the defendant's beer joint, bought one bottle of beer and had drunk about half of it when they became engaged in a conversation in regard to whether or not the defendant had recently had to pay a fine; that the defendant wanted to know who had told Pritchard that he had been required to pay a fine in connection with an alleged tax liability; that thereupon Pritchard informed him that he had heard it down at Nash Seitz' Store; and that then the defendant went back inside the building, got a pistol and put it in his pocket and told Pritchard to get in the defendant's truck, and "let's go down there and see if we can find out who said that," but that he then stated to the defendant that there was not any need to go down to Seitz' Store "because they were closed since Seitz' wife was in the hospital." Pritchard further testified that when he made this statement, the defendant, who had gotten into his own truck, then got out of the same and said "I think you have done a lot of this talk", and ordered the

latter to get away from his place. Pritchard testified that he then started walking away and when he had taken seven or eight steps, the defendant shot him in the back.

The defendant denied the version given by Pritchard as to what occurred, but admitted, in substance, on cross-examination that he got out of the truck near the steering wheel on the left side, after taking his pistol out of the glove compartment where he had placed it when he first got in the truck, and followed Pritchard all the way around the back end of the car, with his pistol in his hand, and that when he got around to the side of the right rear fender, and Pritchard was near the right front fender, he shot him with the pistol which he had in his hand, but that he fired the shot at a time when Pritchard had raised his hand as if to strike him with the half empty beer bottle.

Pritchard testified that the appellant left him sprawled on the ground, went back into the store and stayed from thirty to forty minutes, and finally left in his truck. The victim, who was left helpless on the ground, was soon discovered by a passer-by who left to go on to Artesia and report the matter but who met the appellant enroute from Artesia back to his place of business, accompanied by one Jimmy Livingston. They all returned to the scene of the shooting, and finally the defendant, who had made no effort to get a doctor or an ambulance while at Artesia, asked Livingston to go back there for that purpose. It was therefore nearly two hours before an ambulance arrived.

Pritchard and the defendant were the only eye-witnesses to the shooting, and we are of the opinion that the jury was amply warranted in resolving the conflict in their testimony against the defendant. The testimony of the several other witnesses had no direct bearing on the issue of whether or not the defendant shot Pritchard in real or apparent necessary self-defense.

 ██ It appears that for some reason there was a mistrial of the case on Thursday of the preceding week prior to the verdict of conviction. On the second trial, the district attorney asked the defendant: "Now, Mr. Stogner, I believe that you stated if he hadn't turned just as you pulled the trigger you would have shot him in the heart? A. I was trying to give you an idea about the angle. Q. I asked if you didn't state that if Joe Pritchard hadn't turned just as you shot you would have hit him in the heart? A. I told you (the) entrance at an angle." Thereupon the court stated: "Was it this time he answered that or on the other trial?" This statement of the court is assigned as error as being a comment by the trial judge on the testimony.

We are of the opinion that the foregoing incident merely indicated that the trial judge may have thought that the district attorney was trying to lay a predicate and he wanted to ascertain for the information of the witness as to whether he had reference to some statement made on the instant trial or on the first trial. Moreover, the judge thereupon stated to the witness: "If you made a statement like that explain to the jury why you made it." The judge thereby gave him an opportunity to reiterate what he had stated on direct examination when he said that Pritchard turned as the defendant was ready to fire, and that it was for this reason that he was shot in the back. Therefore, we do not think that any error was committed by the judge's inquiry.

 ██ The defendant further assigns as error the refusal of an instruction which read: "The court instructs the jury for the defendant Stogner, that under the law of the land, you cannot find the defendant Stogner guilty of the crime charged in the indictment unless you would find him guilty of murder if he had killed Pritchard, and was on trial for murder." The refusal of this instruction was not reversible error, and especi-

ally in view of the fact that other instructions, both for the State and for the defendant, had emphasized that it was necessary for the jury to believe that the defendant did the shooting "willfully, unlawfully, feloniously and of his malice aforethought." The instructions given were sufficient to correctly inform the jury as to the degree of proof required.

Neither do we think that any of the other errors assigned are well-taken. The judgment appealed from must therefore be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.*, concur.